Jennifer R. Murray, OSB #100389
jmurray@terrellmarshall.com
Toby J. Marshall, *pro hac vice forthcoming*
tmarshall@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 N 34th Street, Suite 300
Seattle, WA 98103-8869
Tel.: (206) 816-6603
Fax: (206) 319-5450

Shanon J. Carson, *pro hac vice forthcoming*
scarson@bm.net
Camille Fundora Rodriguez, *pro hac vice forthcoming*
crodriguez@bm.net
Alexandra K. Piazza, *pro hac vice forthcoming*
apiazza@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103-3657
Tel.: (215) 875-3000
Fax: (215) 875-4604

*Attorneys for the Plaintiff and the*
*Proposed FLSA Collective and Oregon Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **CHRISTOPHER KING, individually and on behalf of all persons similarly situated,** | **Case No.:** |
| **Plaintiff,** | |
| **v.** | **CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT** |
| **MARKET OF CHOICE, INC.,** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

<u>**CLASS AND COLLECTIVE ACTION COMPLAINT**</u>

Plaintiff Christopher King ("Plaintiff" or "King"), on behalf of himself and all others similarly situated, brings this class and collective action lawsuit against Market of Choice, Inc. ("Market of Choice" or "Defendant"), seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), Chapters 652 and 653 of the Oregon Revised Statutes ("ORS"), and regulations promulgated thereunder ("OAR") (collectively, "Oregon Wage Laws"). The foregoing allegations are made on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

<u>**INTRODUCTION**</u>

1.      Defendant Market of Choice is a grocery chain that sells conventional and locally sourced products throughout the state of Oregon. Market of Choice employs individuals, such as Plaintiff and those similarly situated, to help fulfill its mission of delivering outstanding customer service by supporting the day-to-day operations of the store. This includes, but is not limited to, receiving and unloading inventory, merchandising product, performing janitorial services, answering questions and helping customers find items, maintaining and organizing the stockroom, following opening and closing procedures, auditing and stocking shelves, and operating the cash register.

2.      This case is about Market of Choice's knowing and improper classification of its Assistant Store Managers IV, Assistant Store Managers III, Assistant Store Managers II, and other similar roles, however titled (collectively, "Assistant Managers"), as exempt from the FLSA and Oregon wage and hour laws, which, as a result, denied these workers appropriate meal and rest breaks and overtime pay for hours regularly worked in excess of forty (40) hours in a workweek.

Class and Collective Action Complaint          2

## JURISDICTION AND VENUE

3.    Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant conducts business in this District and the events or omissions giving rise to Plaintiff's claims occurred within this District.

5.    This Court has divisional venue because Defendant's corporate headquarters are in this division.

6.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, because those claims derive from a common nucleus of operative facts.

## PARTIES

7.    Plaintiff Christopher King is a citizen of Idaho and resides in Ammon, Idaho. Plaintiff worked for Defendant as an Assistant Store Manager from approximately May 2016 to June 2017 and from October 2018 to August 2020 and was compensated on a salary basis. Plaintiff worked for Market of Choice, Inc. as an hourly employee prior to May 2016 and between June 2017 and October 2018. Plaintiff was a citizen of Oregon and resided in Medford, Oregon, during the respective time period that he was employed by Defendant. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a plaintiff in this action. *See* Exhibit A.

8.    Defendant Market of Choice, Inc. ("Market of Choice") is a registered Oregon corporation that does business in the State of Oregon. Market of Choice is a grocery chain that specializes in offering health-conscious products to customers throughout their 11 locations. *See* https://www.marketofchoice.com/about/ (last visited Mar. 16, 2021).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

9.      Defendant's corporate headquarters is located at 2862 Willamette St. Suite B, Eugene, Oregon 97405.

10.     Defendant employed Plaintiff and continues to employ similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

11.     The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

12.     During all times relevant hereto, Plaintiff was an employee of Defendant and was covered by the FLSA.

13.     Defendant is an employer covered by the FLSA.

14.     Defendant employs individuals, including Assistant Managers, in Oregon.

15.     Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

16.     Defendant's annual gross sales exceed $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

17.     Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following collective:

> All current and former Assistant Managers or similarly titled positions who were classified as exempt and paid by Market of Choice, Inc. on a salary basis in the State of Oregon during the applicable limitations period (the "FLSA Collective").

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

18.    Plaintiff brings Counts II, III, and IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current and former Assistant Managers or similarly titled positions who were classified as exempt and paid by Market of Choice, Inc. on a salary basis in the State of Oregon during the applicable limitations period (the "Oregon Class").

19.    The FLSA Collective and the Oregon Class are together referred to as the "Classes" and the members of the Classes are "Class Members."

20.    Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as may be warranted or necessary.

## FACTUAL BACKGROUND

21.    Defendant specializes in offering a full spectrum of natural, organic, conventional and locally sourced products at their grocery locations throughout the state of Oregon.

22.    Since Defendant's establishment in 1979, Defendant has remained an independent, family-owned and operated grocer committed to supporting local communities, including businesses and employees. In fact, Defendant "carries more than 7,000 local products and employs more than 1,400 Oregonians". *See* https://merchandisers.net/about/ (last visited Mar. 16, 2021).

23.    Between May 2016 to June 2017 and from October 2018 and August 2020, Plaintiff was employed as a salaried Assistant Store Manager. Plaintiff worked at the Ashland Market store in Ashland, Oregon.

24.    Plaintiff and Class Members are situated within an organizational store hierarchy consisting of exempt and non-exempt employees hired to support Defendant's mission of providing high quality products and delivering a unique shopping system.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

25.    Assistant Managers, like Plaintiff and Class Members, operate beneath Store Managers.

26.    In practice, Assistant Managers and Store Managers are collectively referred to as "Management" and don identical uniforms. However, while both categories of management are paid on a salary-basis, Plaintiff and Class Members perform non-exempt duties that are mostly indistinguishable from that of the hourly, non-exempt employees occupying positions lower on the store's organizational hierarchy.

27.    Indeed, the true managerial authority over Defendant's stores rests primarily with the Store Managers, each of whom is assigned to manage one Market of Choice location. It is the Store Managers who perform traditional managerial duties such as: designing the best possible schedule to cover the needs of the store, giving final approval on scheduling changes, overseeing and authorizing timekeeping procedures, approving employees' acceptance of gifts and samples from Defendant's vendors, directing where employees may park their vehicles; storing, accessing, and updating employees' personal information; responding to any encounters with infectious material in the work environment, handling customer theft or other pressing security issues, disciplining employees for violating Defendant's list of inappropriate conduct, and representing Defendant when collaborating with community organizations to meet their needs.

28.    Defendant mobilizes a team of Human Resource Managers and Assistants to further supplement Store Managers' managerial responsibilities. Located in Defendant's corporate headquarters, Human Resources oversees recruitment, evaluation and compensation, training development, and internal conflict resolution between officers, agents, employees, or representatives of Defendant.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

29.    Plaintiff and Class Members were employed by Defendant to support the day-to-day functions of their respective Market of Choice location.

30.    Plaintiff and Class Members were expected to cover and perform the job duties of any non-exempt position at their respective location on a regular basis.

31.    Plaintiff and Class Members were willfully misclassified as exempt for purposes of overtime and were paid on a salary basis without any overtime compensation for hours regularly worked in excess of forty (40) hours in a workweek.

32.    Furthermore, as a result of Plaintiff and Class Members' misclassification, Defendant failed to authorize, permit and/or make available meal and rest breaks.

<u>**Plaintiff and Class Members are not exempt**</u>

33.    The primary job duties of Plaintiff and Class Members do not fall under any exemptions under the FLSA or Oregon Wage Laws.

34.    Assistant Managers, like Plaintiff and Class Members, are typically scheduled to work 5 days per week in 10-hour shifts. Plaintiff and Class Members are placed on the weekly schedule for 50 hours alongside the hourly employees. However, Plaintiff and Class Members regularly work more than 50 hours per week as they are forced to work additional hours, usually in excess of 55 hours per week, in order to perform all the required tasks that come up throughout the scheduled shift.

35.    Assistant Managers that work the opening shift are required to get to work by 6 am to unload inventory from supply trucks that arrive beforehand to deliver Defendant's products.

36.    By way of example, when Plaintiff worked the opening shift, he was responsible for helping the freight crew receive and unload pallets, take the pallets to the stockroom,

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

organize and separate product, and take product to the floor. Plaintiff would then prepare the front-end for opening time at 7 am, which included counting the safe, gathering and loading the tills, preparing the cash registers for the cashiers, and operating the checkout line until the cashiers got there at 8 am.

37.    Assistant Managers that work the closing shift are required to get to work by 2 pm to prepare the store for closing and get everything ready for the next day.

38.    Specifically, when Plaintiff worked on the closing shift, he would ensure that the store was "faced", meaning that merchandise on the shelves was restocked, pulled forward on the shelves, and presentable for the next day. He would also routinely perform manual tasks, including spraying the produce with a hose, bringing exposed perishable produce into the cooler, cleaning out the bathrooms, counting the tills, and storing cash into the appropriate storage units.

39.    Each day, Plaintiff spent over 90% of his time performing manual job duties required to support both client-facing and back end operations. This included: greeting customers, answering questions and helping customers find items; sharing product knowledge with customers; auditing and restocking shelves, displays, and tables; collecting and cleaning shopping carts and baskets; building product displays, merchandising and assembling end caps, operating the cash register, troubleshooting broken or malfunctioning equipment, and placing product orders for pre-approved merchandise.

40.    Plaintiff observed that other Class Members were required to follow similar work protocols and were expected to perform the same job duties.

41.    Plaintiff and Class Members do not have the ability to exercise meaningful independent judgment and discretion as to matters of significance. Plaintiff did not have the discretion to add new products to Defendant's inventory. When Plaintiff was asked about the

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

availability of a product, he would utilize a scanner to scan the customer's jar or label and attempt to locate the product within Defendant's inventory management software. If the product was not available and Plaintiff believed it may be popular with customers based on conducting basic research, he would have to submit a Product Authorization Request Form ("Authorization Form"). The Authorization form was sent to the corporate office in Eugene, where senior management under the appropriate division would review the request and ultimately decide.

42.     Furthermore, Plaintiff and Class Members do not have the ability to independently decide how to price Defendant's product. About 90% of Defendant's product was systematically established and priced at the corporate level. Plaintiff was not able to change the price of any product without triggering the requirement to submit an Authorization Form to the corporate office for their review and final authorization. The remaining 10% of product had more leeway because it was the result of overstock, quickly approaching expiration dates, or post-Holiday leftovers. When Plaintiff identified items that were approaching their expiration date, he would notify the Store Manager, and if the item qualified, the Store Manager had the authority to approve and enact a Temporary Price Reduction ("TPR").

43.     Plaintiff and Class Members were unable to implement store-wide promotions or special sales—both were systematically established by Defendant.

44.     Plaintiff and Class Members were unable to alter the design of their respective Market of Choice location. Plaintiff was only able to move items within an isle in order to make room for additional product. Plaintiff also performed other basic merchandising duties as needed, such as building product displays, mounting end caps, and conducting audits to ensure that product was accurately priced.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

45.     Plaintiff and Class Members have no discretion relating to the safety and security of their respective Market of Choice location. Any security issues, such as customer shoplifting, employee related theft or government inspections, were handled by Store Managers and Loss Prevention Officers.

46.     Plaintiff and Class Members did not have the authority to hire other employees.

47.     Plaintiff and Class Members did not have the authority to discipline or fire other employees.

48.     Plaintiff and Class Members did not have the authority to approve any advancement or promotion of employees.

49.     Plaintiff and Class Members did not even have access to employees' personal records.

50.     Defendant did not require Plaintiff and Class Members to have a college degree or a background in business management to obtain an Assistant Manager position.

51.     In sum, the primary job duties of Plaintiff and Class Members did not materially differ from the duties of non-exempt hourly paid employees performing work under the direction of a specific department at any given location.

### Plaintiff and Class Members did not receive overtime compensation

52.     Plaintiff was regularly scheduled to work, and indeed worked, five (5) days per week, typically between fifty (50) and fifty-five (55) hours per week. Plaintiff rarely took a lunch break throughout his employment with Defendant.

53.     Plaintiff observed that other Class Members were scheduled to work, and indeed worked, similar schedules.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

54.     Plaintiff and Class Members were required and expected to work over forty (40) hours per week by Defendant.

55.     Although the workload assigned to Plaintiff and Class Members typically required them to work more than forty (40) hours per week, Defendant failed to pay them one and one-half (1 ½) times their regular rate of pay for hours in excess of forty (40) hours per week, as required by the FLSA.

56.     Instead, Plaintiff and Class Members were misclassified as exempt from the FLSA and paid a salary without overtime compensation.

**<u>Defendant willfully violated the FLSA and state wage laws</u>**

57.     Defendant's actions in violation of the FLSA were or are made willfully to avoid liability under the FLSA.

58.     Defendant and its senior management had no reasonable basis to believe that Plaintiff and Class Members were exempt under the FLSA or the Oregon Wage Laws. Rather, Defendant either knew or acted with reckless disregard for clearly applicable FLSA and Oregon Wage Law provisions in misclassifying Plaintiff and the Class Members as exempt and failing to pay them overtime. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and/or failures to act.

59.     Defendant knowingly, or with reckless disregard, failed to make, keep, and preserve records with respect to Plaintiff and other Class Members sufficient to determine their lawful wages, actual hours worked and other conditions of employment as required by federal and state law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

Class and Collective Action Complaint          11

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

60.     Even though the FLSA and applicable state law requires overtime premium compensation for hours worked over 40 per week, Defendant does not pay Assistant Managers, such as Plaintiff, overtime premium compensation for overtime hours worked.

61.     Defendant has failed to pay Plaintiff and other Assistant Managers all overtime compensation owed.

62.     By failing to pay the all overtime compensation owed to Plaintiff and other Assistant Managers, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA and Oregon Wage Law provisions.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

64.     Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

65.     Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously-described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

66.     Specifically, Defendant misclassified Collective Members as exempt and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

Class and Collective Action Complaint          12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

67.    The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant use.

68.    Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

69.    Plaintiff incorporates by reference the foregoing allegations as if set forth herein.

70.    Plaintiff brings this action individually and in a representative capacity on behalf of a class of individuals who have worked for Defendant Market of Choice in Oregon and who meet the definition of the putative class members set forth above during any time in the two years prior to the date of filing Plaintiff's complaint.

71.    The members of the Oregon Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the Oregon Class.

72.    Defendant engaged in the same conduct towards Plaintiff and the other members of the Oregon Class.

73.    The injuries and damages to the Class present questions of law and fact that are common to each class member within the Class, and that are common to the Class as a whole.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

74.     Plaintiff will fairly and adequately represent and protect the interests of the Oregon Class, and all of its putative class members because there is no conflict between the claims of Plaintiff and those of the Oregon Class, and Plaintiff's claims are typical of the claims of the Oregon Class.

75.     Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

76.     There are questions of law and fact common to the proposed Oregon Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate the laws of Oregon through its policy or practice of improperly classifying Plaintiff and other Assistant Managers as exempt.

77.     Plaintiff's claims are typical of the claims of the Oregon Class in the following ways, without limitation: (a) Plaintiff is a member of the Oregon Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Oregon Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Oregon Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Oregon Class members; and (e) the injuries suffered by Plaintiff is similar to the injuries suffered by the Oregon Class members.

78.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Oregon Class predominate over any questions affecting only individual Class members.

79.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

Class and Collective Action Complaint              14

efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Oregon Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Oregon Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

80.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Oregon Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

81.    Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Oregon Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

82.    All previous paragraphs are incorporated as though fully set forth herein.

83.    The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

84.    Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

Class and Collective Action Complaint                 15

85.    At all relevant times, Defendant was, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

86.    During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

87.    Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

88.    Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

89.    Defendant's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

90.    Defendant knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

91.    Defendant also knowingly failed to create, keep and preserve records with respect to work performed by Plaintiff and the FLSA Collective sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

92.    In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

93.    Pursuant 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II
### Violations of ORS 653.261 and OAR 839-020-0030
### (On Behalf of Plaintiff and the Oregon Class)

94.    All previous paragraphs are incorporated as though fully set forth herein.

95.    Defendant is an employer covered by the Oregon Wage Laws, *see* ORS 653.10(3) and "employ[ed]" Plaintiff and the Oregon Class, *see* ORS 653.010(2).

96.    The overtime wages sought by this claim are "wages" as defined by the Oregon Wage Laws, throughout the relevant period. *See* ORS 653.10(10).

97.    Throughout the relevant period Defendant has been subject to the Oregon Wage Laws and the enabling Regulations noted here.

98.    Plaintiff and the Oregon Class do not qualify for any exemption from the wage and overtime requirements of the Oregon Wage Laws. *See* ORS 653.020(3) and OAR 839-020-0125(2).

99.    Pursuant to ORS 653.261, Defendant was required to pay Plaintiff and the Oregon Class one and one-half times their regular rate of pay for all hours worked in excess of forty in each workweek, when those wages were due, but willfully failed to do so.

100.    Defendant was required to pay Plaintiff and the Oregon Class all wages due, when those wages were due, but failed to do so. *See* ORS 652.120.

101.    Plaintiff and the Oregon Class are entitled to recover unpaid overtime under the Oregon Wage Laws, and declaratory relief stating Defendant violated the statute, and continue to

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

violate the statute, by misclassifying Assistant Managers as exempt.

102.    Members of the Oregon Class who are within the applicable two-year statute of limitations are entitled to collect the difference between wages received then due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum, and such other legal and equitable relief as the Court deems proper, pursuant to ORS 652.150, ORS 652.200 and ORS 635.055.

**COUNT III**
**Violations of OAR 839-020-0050**
**(On Behalf of Plaintiff and the Oregon Class)**

103.    All previous paragraphs are incorporated as though fully set forth herein.

104.    Pursuant to OAR 839-020-0050, employees who have worked at least six hours are entitled to a meal break of not less than 30 continuous minutes during which the employee is relieved of all duties. *See* OAR 839-020-0050(2)(a). Except as otherwise provided in the rule, if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period. *See* OAR 839-020-0050(2)(b).

105.    Because Plaintiff and Oregon Class members' meal breaks were subject to interruption and were not continuous, and because Plaintiff and Oregon Class Members were not relieved of all duties during the break, Defendant is in violation of OAR 839-020-0050, and Plaintiff and Oregon Class members should be reimbursed for back wages for the entire 30 minutes from each work day.

106.    Because of Defendant's failure to pay Plaintiff and the Oregon Class' wages within 48 hours after they were due, Plaintiff and the Oregon Class are entitled to recover costs,

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

disbursements, and reasonable attorney fees pursuant to ORS 652.200.

107.    Because of Defendant's wrongful withholding from Oregon Class members' wages, the Oregon Class is entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

108.    Pursuant to ORS 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages.

**COUNT IV**
**Violations of OAR 839-020-0050(5)**
**(On Behalf of Plaintiff and the Oregon Class)**

109.    All previous paragraphs are incorporated as though fully set forth herein.

110.    Pursuant to OAR 839-020-0050, every employer is required to provide each employee, for each segment of four hours or major pay thereof worked in a work period, a rest period of not less than ten continuous minutes during which the employee is relieved of all duties, without deduction from the employee's pay. *See* OAR 839-020-0050(6)(a).

111.    Plaintiff generally worked shifts lasting 10 hours per shift. Members of the Oregon Class worked similar shifts. Accordingly, Plaintiff and the Oregon Class were entitled to at least two separate rest periods lasting 10 minutes each, during which Plaintiff and the Oregon Class should have been relieved of all duties. As discussed above, Plaintiff and members of the Oregon Class were subject to interruption and are consistently denied requisite rest periods.

112.    Plaintiff and the Oregon Class are entitled to declaratory relief stating Defendant is in violation of the rest break requirements provided by Oregon law.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A.      An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B.      An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Oregon Class;

C.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

D.      Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.      Liquidated damages and penalties to the fullest extent permitted under the law;

F.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff, the Collective, and the Class are entitled to a jury.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Dated: March 30, 2021                    Respectfully submitted,

By: /s/ Jennifer Rust Murray, OSB #100389
      Jennifer Rust Murray, OSB #100389
      Email: jmurray@terrellmarshall.com
      Toby J. Marshall, *pro hac vice forthcoming*
      Email: tmarshall@terrellmarshall.com
      TERRELL MARSHALL LAW GROUP PLLC
      936 N. 34th Street, Suite 300
      Seattle, Washington 8103-8869
      Telephone: (206) 816-6603
      Facsimile: (206) 319-5450

      Shanon J. Carson, *pro hac vice forthcoming*
      Email: scarson@bm.net
      Camille Fundora Rodriguez, *pro hac vice forthcoming*
      Email: crodriguez@bm.net
      Alexandra K. Piazza, *pro hac vice forthcoming*
      Email: apiazza@bm.net
      BERGER MONTAGUE PC
      1818 Market Street, Suite 3600
      Philadelphia, Pennsylvania 19103-3657
      Telephone: (215) 875-3000
      Facsimile: (215) 875-4604

      *Attorneys for the Plaintiff and the*
      *Proposed FLSA Collective and Oregon Class*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# EXHIBIT A

## CONSENT TO JOIN AND AUTHORIZATION TO REPRESENT
### Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

      1.     I consent and agree to pursue my claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") arising out of my work with Market of Choice, Inc. and/or related entities and individuals ("Market of Choice").

      2.     I worked for Market of Choice from on or about __February 2015__ (month, year) to on or about __August 2020__ (month, year). During this time, I worked for Market of Choice in the following state(s): Oregon_____.

      3.     I understand that this lawsuit is brought under the FLSA. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

      4.     I hereby designate Berger Montague PC, at 1818 Market Street, Suite 3600, Philadelphia, Pennsylvania 19103, and Terrell Marshall Law Group PPLC , at 936 N 34th Street, Suite 300, Seattle, WA 98103 (together "Plaintiff's Counsel"), to represent me for all purposes in this action or any subsequent action against Market of Choice.

      5.     I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiff's Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature: _____

Date: 3/15/2021 _____

Name: Chris King _____

Address: ██████████████████ _____

Telephone: ███████ _____

E-Mail: ████████████ _____

### COMPLETE AND RETURN TO:
BERGER MONTAGUE PC
ATTN: Mariana Ramirez
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3049
Fax: (215) 875-4604
Email: mramirez@bm.net