IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER KING, individually and on
behalf of all persons similarly situated,

        Plaintiff,                                Case. No. 6:21-cv-481-MC

        v.                                      OPINION AND ORDER

MARKET OF CHOICE, INC.,

        Defendant.

_____

MCSHANE, Judge:

        Plaintiff Christopher King brings this class action alleging Defendant Market of Choice, Inc. violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and similar state laws by failing to pay non-exempt employees overtime. Defendant moves to enforce an arbitration agreement or, in the alternative, to dismiss for *forum non conveniens*. Motion, 6-7; ECF No. 25. The agreement at issue provides:

> The Company and I agree that all disputes, claims and defenses arising out of, related to, or in connection with Company policies or my employment relationship with the Company (including termination) shall be resolved exclusively by binding arbitration in Eugene, Oregon pursuant to ORS 36.600 et seq. . . . Both the Company and I waive any right that we may have to a jury trial, and further waive any right to initiate any action in state or federal court except for the limited purpose of (a) compelling arbitration after a party has refused to accept a request to arbitrate, or (b) compelling selection of an arbitrator as provided in ORS 36.645. The exclusive jurisdiction and venue for any such court proceeding shall be Lane County Circuit Court, Eugene, Oregon.

1 – OPINION AND ORDER

Whittaker Decl. Ex. 1, 4; ECF No. 26.

There is no dispute that Plaintiff's overtime claims in this action arises from or relates to his employment with Defendant.[1] There is also no dispute that the agreement clearly provides that to the extent either party may bring an action (for the limited purposes agreed to), the party must bring the action in Lane County Circuit Court. The Supreme Court recently confirmed that agreements like this are enforceable:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interests of justice" is served by holding parties to their bargain.

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 66 (2013).

Plaintiff argues that the wage claims at issue here fall outside of the agreement's forum-selection clause. In advancing that argument, Plaintiff argues that the agreement only specifies venue in Lane County Circuit Court for actions to (1) compel arbitration or (2) compel selection of the arbitrator. Because Plaintiff makes no such claim, and because the agreement only limits venue "for any such court proceeding" under the two circumstances stated above, Plaintiff argues the clause does not apply. The Court disagrees.

---

[1] Although Plaintiff argues he never explicitly signed the specific section of the job application containing the arbitration agreement, he concedes that he electronically signed his name "at the bottom of the application submission page." King Decl. ¶ 5; ECF No. 42. Additionally, Plaintiff admits that four days later, he hand-signed "the employment application that I had previously submitted online." *Id.* at ¶ 10. That application states, in bold and directly above Plaintiff's signature, "**By signing this application, I affirm that I have read and agree to all of the disclosures and conditions included in the on-line application**." Whittaker Dec. Ex. 1, 8. Plaintiff does not argue he was coerced into signing the agreement. Instead, Plaintiff merely states that he does not remember reading the arbitration agreement and that no one explained that he would be "required to submit potential wage claims to arbitration." King Decl. ¶¶ 6-7. As noted by Defendant, however, under Oregon law, "A person is presumed to be familiar with the contents of any document that bears the person's signature." *First Interstate Bank of Or., N.A. v. Wilkerson*, 128 Or. App. 328, 337 n.11 (1994).

2 – OPINION AND ORDER

Plaintiff's interpretation would gut the clear intention of the agreement to (1) limit claims arising from the employment to arbitration and (2) limit venue to Lane County Circuit Court in the event the parties disagree on the application of the arbitration agreement or selection of the arbitrator. The Court reads the agreement, which Plaintiff acknowledged reading and agreeing to, as limiting any disagreements over the scope or enforcement of the arbitration agreement to Lane County Circuit Court. As "the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63. Plaintiff has failed to meet that burden. Here, the parties "contracted in advance to litigate disputes in a particular forum[.]" *Id.* at 66. There are no factors here which would justify this Court "unnecessarily disrupt[ing] the parties' settled expectations." *Id.*

Although Plaintiff makes several arguments regarding the enforcement (and/or unconscionability) of the agreement, the Lane County Circuit Court is perfectly capable of resolving those disputes. As the parties agreed to that venue, Defendant's motion to dismiss for *forum non conveniens*, ECF No. 25, is GRANTED. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) (noting dismissal based on *forum non conveniens* is appropriate "where a state or territorial court serves litigational convenience best." (citation omitted)). Plaintiff's cross motion for preliminary certification of the class is DENIED as moot. The Lane County Circuit Court will determine whether the agreement allows Plaintiff to bring claims on behalf of a class of Defendant's employees.

IT IS SO ORDERED.

DATED this 3rd day of January, 2022.

                                             _____/s/ Michael McShane_____
                                                    Michael McShane
                                            United States District Judge

3 – OPINION AND ORDER